UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WING HON PRECISION INDUSTRY, LTD,

*Plaintiff,*

-against-

JACOB & COMPANY WATCHES, INC. and DIAMOND
QUASAR JEWELRY, INC. d/b/a Jacob & Co.,

*Defendants.*

**VERIFIED COMPLAINT**

Case No.: 1:18-cv-06036(AJN)

Plaintiff Wing Hon Precision Industry LTD ("Wing Hon"), by its attorneys, Barclay Damon LLP and Murphy & James, LLC, for its Complaint respectfully alleges:

**Nature of The Action**

1.     Wing Hon brings this civil action pursuant to various provisions of the New York Debtor and Creditor law to avoid, set aside and attach the proceeds of fraudulently transferred property by Defendant Jacob & Company Watches, Inc. ("JCWI"), to Defendant Diamond Quasar Jewelry, Inc. ("DQJ" and together with JCWI collectively, "Defendants") that were made without fair consideration and with intent to hinder and defraud JCWI's creditors, including Wing Hon.

2.     Prior to this action, Wing Hon was actively engaged in litigation in the Supreme Court of the State of New York, County of New York (Index No. 652952/2013) with Defendants with respect to, among other things, amounts that JCWI owed to Wing Hon in respect of watches and other jewelry-related items Wing Hon sold and delivered to JCWI.  Wing Hon ultimately prevailed and a judgment in the amount of $1,605,669.11 was entered in its favor.  A true copy of that Judgment is attached hereto as Exhibit A.

3.      During the pendency of the state court litigation, JCWI transferred its property, namely valuable federally registered trademarks relating to JCWI's watch and jewelry business, to a closely related company, DQJ, which for all intents and purposes was indistinguishable from JCWI as it has the same principals and the same place of business.  After the Appellate Division, First Department reversed a decision that had denied a motion by Wing Hon for summary judgment on account stated in its favor for over $1 million dollars, JCWI was dissolved, thereby completing its attempt to escape its adjudicated financial obligations to Wing Hon.

4.      To this day, Wing Hon's over $1.6 million judgment remains unsatisfied due to Defendants' fraudulent actions.  Defendants intentionally transferred JCWI's property without any, much less fair consideration to defraud Wing Hon.  This action therefore seeks to avoid and set aside these fraudulent transfers and attach revenues generated from these transfers sufficient to satisfy Wing Hon's judgment, together with interest, costs and attorneys' fees.

## Jurisdiction and Venue

5.      Wing Hon Precision is a company organized under the laws of Hong Kong, that maintains its principal place of business there.

6.      JCWI was a corporation organized under the laws of the State of New York that maintained its principal place of business in New York, New York.

7.      DQJ is a corporation organized under the laws of the State of New York that maintains its principal place of business in New York, New York.

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the citizenship of Plaintiff and Defendants are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2

9.      This Court has general personal jurisdiction over each Defendant pursuant to N.Y. C.P.L.R. § 301 because Defendants were incorporated in the State of New York and therefore "at home" in New York.

10.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims asserted herein occurred in this District, and because Defendants are subject to the Court's personal jurisdiction in this District.

### Factual Allegations

**A.  Wing Hon's Prior Litigation Against Defendants**

11.      Between 2004 and 2012, Wing Hon supplied JCWI with various watches, including the "Grand," "Global," "Jumbo Grand," and "Jumbo Global" watches, and other jewelry-related items.

12.      By April 2013, JCWI had an outstanding account with JCWI totaling more than $1 million.

13.      Following Wing Hon's futile demand for payment from JCWI and DQJ, on August 21, 2013, Wing Hon commenced an action entitled *Wing Hon Precision Industry Ltd. v. Diamond Quasar Jewelry, Inc.*, Index No. 652952/2013, in the Supreme Court of the State of New York, New York County, asserting, among other things, a cause of action for account stated (the "State Court Action").

14.      On January 26, 2016, Wing Hon moved for summary judgment on its claims, including for account stated, which Defendants opposed.

15.      On April 5, 2017, the Supreme Court denied Wing Hon's summary judgment motion.

16.    On July 10, 2017, Wing Hon perfected its appeal of the Supreme Court's summary judgment decision to the Appellate Division, First Department.

17.    On October 19, 2017, the Appellate Division found, among other things, that Wing Hon was entitled to summary judgment on its account stated claim, except with respect to three invoices seeking payment for cufflinks.

18.    After Wing Hon's case was remanded to the Supreme Court, on November 20, 2017, Wing Hon requested that the court enter judgment, including prejudgment interest on its account stated claim.

19.    Due to delays caused by Defendants' request for re-argument and leave to appeal to the N.Y. Court of Appeals, which the Appellate Division denied on January 25, 2018, the Supreme court did not enter a judgment against JCWI on Wing Hon's account stated in the sum of $1,605,669.11 (which included costs and prejudgment interest) until March 2, 2018, which judgment was subsequently unsealed on or about April 25, 2018. *See* Exhibit A.

20.    Although due demand has been made, no part of that Judgment has been paid.

**B.  Defendants' Fraudulent Transfers**

21.    During the pendency of the State Court Action, on July 24, 2017, JCWI transferred and assigned without any consideration to DQJ "the entire right, title and interest in and to" as well as "the goodwill of the business symbolized by" JCWI's registered trademarks, which JCWI had used for years in the ordinary course of its business and had great value.

22.    First, JCWI transferred and assigned to DQJ the following trademark (Serial Number 76308832, registration number 2701274):

# JACOB & CO.

23.     Second, JCWI transferred and assigned to DQJ the following trademark (Serial No. 78976571, Registration No. 3270364):



24.     Third, JCWI transferred and assigned to DQJ the following trademark (Serial Number 76600022, registration 3443323):



Copies of the trademark assignments from JCWI to DQJ are attached hereto as <u>Exhibit B</u>.

25.     The circumstances surrounding the trademark transfers have numerous badges of fraud.

26.     The founder and principal owner of both JCWI and DQJ is the same person, Jacob Arabo (a.k.a. Jacob Arabov).

27.     In addition, Mr. Arabo's wife, Angela Arabov, is the CEO of both JCWI and DQJ.

28.     Ms. Arabov executed the assignments to DQJ on JCWI's behalf.

29.     Furthermore, JCWI and DQJ had the same place of business of 48 East 57th Street, New York, New York 10022 and shared a 401(k) profit sharing plan.

30.     JCWI and DQJ were, therefore, closely related and virtually indistinguishable.

31.     At the time of the trademark transfers, Defendants knew of a substantial claim against JCWI, namely the State Court Action to which both Defendants were parties.

5

32.     The timing of JCWI's dissolution further shows that JCWI intended to escape its liability to  Wing Hon's as adjudicated in the State Court Action.

33.     Specifically, JCWI dissolved on December 8, 2017, which was only weeks after Wing Hon requested that judgment be entered against JCWI in light of the Appellate Division's favorable decision.

34.     Despite the dissolution of JCWI, DQJ and its principals continue to operate a jewelry and watch business using the "Jacob and Co." brand-name and trademarks it received from JCWI.

35.     As an example, DQJ maintains and operates a website for "Jacob & Co." that prominently displays the transferred trademarks as well as "Jacob & Co.'s" founder and chairman, Mr. Arabo (*see* www.jacobandco.com).

36.     Upon information and belief, DQJ generates substantial revenue and income by using the trademarks transferred and assigned to it by JCWI.

37.     JCWI did not receive any consideration or value in exchange for its transfer and assignment of the trademarks identified above.

38.     The lack of consideration and value is corroborated by JCWI's subsequent dissolution.

39.     JCWI transparently transferred the trademarks to DQJ to shield the trademarks and the revenues they generate from being used to satisfy Wing Hon's judgment.

**C.  Wing Hon's Fruitless Enforcement Efforts Against JCWI**

40.     Following the court's entry of judgment against JCWI, Wing Hon served restraining notices pursuant to N.Y. C.P.L.R. § 5222(e) on JCWI and DQJ.  To date, Wing Hon's judgment against JCWI remains unsatisfied due to Defendants' actions to hinder its creditors.

41.     Wing Hon seeks to avoid and set aside the fraudulent trademark transfers and to attach all income generated therefrom to satisfy its $1.6 million plus judgment against JCWI.

## AS AND FOR A FIRST CLAIM
### (Constructive Fraudulent Transfer under N.Y. Debtor & Creditor Law § 273-a)

42.     Wing Hon respectfully repeats and re-alleges the allegations set forth in paragraphs 1 through 41 as if fully set forth herein.

43.     N.Y. Debtor & Creditor Law § 273-a provides that "Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment."

44.     No trademark transfer between JCWI and DQJ was made for fair consideration, as that term is defined in Section 272 of N.Y. Debtor & Creditor Law.

45.     At the time it made each trademark transfer, JCWI was a defendant in a lawsuit commenced by Wing Hon which sought money damages against JCWI.

46.     To date, JCWI has failed to satisfy Wing Hon's judgment.

47.     Accordingly, each of the trademark transfers was fraudulent as to Wing Hon, a judgment creditor, and should be set aside as null and void.

## AS AND FOR A SECOND CLAIM
### (Constructive Fraudulent Transfer under N.Y. Debtor & Creditor Law § 274)

48.     Wing Hon respectfully repeats and re-alleges the allegations set forth in paragraphs 1 through 47 as though fully set forth herein.

49.     N.Y. Debtor & Creditor Law § 274 provides "Every conveyance made without fair consideration when the person making it is engaged . . . in a business or transaction for

which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent."

50.     No trademark transfer between JCWI and DQJ was made for fair consideration, as that term is defined in Section 272 of N.Y. Debtor & Creditor Law.

51.     Each trademark transfer divested JCWI of assets such that the property remaining in its possession after the trademark transfers were completed was an unreasonably small capital.

52.     Accordingly, each of the trademark transfers was fraudulent as to Wing Hon, a judgment creditor, and should be set aside as null and void.

## AS AND FOR A THIRD CLAIM
### (Constructive Fraudulent Transfer under N.Y. Debtor & Creditor Law § 275)

53.     Wing Hon respectfully repeats and re-alleges the allegations set forth in paragraphs 1 through 52 as though fully set forth herein.

54.     N.Y. Debtor & Creditor Law § 275 provides that "Every conveyance made . . . without fair consideration when the person making the conveyance . . . intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors."

55.     No trademark transfer between JCWI and DQJ was made for fair consideration, as that term is defined in Section 272 of N.Y. Debtor & Creditor Law.

56.     At the time of each trademark transfer, JCWI intended or believed that it would incur debts—namely, the amounts JCWI owed to Wing Hon in respect of its account stated claim—beyond its ability to pay them as such debts matured.

57.     Accordingly, each of the trademark transfers was fraudulent as to Wing Hon, a judgment creditor, and should be set aside as null and void.

## AS AND FOR A FOURTH CLAIM
**(Actual Fraudulent Transfer under N.Y. Debtor & Creditor Law § 276)**

58.     Wing Hon repeats and re-alleges the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

59.     N.Y. Debtor & Creditor Law § 276 provides that "Every conveyance made and every obligation incurred with actual intent . . . to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

60.     Each trademark transfer by JCWI to DQJ was made by JCWI with the actual intent to hinder, delay, and/or defraud its creditors, including Wing Hon, as described above.

61.     Accordingly, each of the trademark transfers by JCWI to DQJ was fraudulent as to Wing Hon, a judgment creditor, and should be set aside as null and void.

**WHEREFORE**, plaintiff Wing Hon Precision Industry LTD demands judgment against defendants Jacob & Company Watches, Inc. and Diamond Quasar Jewelry, Inc., jointly and severally, as follows:

On its First Claim for Relief:

      (a)     declaring each of the trademark transfers to be fraudulent pursuant to Section 273-a of the New York Debtor and Creditor Law;

      (b)     setting each trademark transfer aside as null and void and permitting Wing Hon to satisfy its judgment through JCWI's interest in the transferred trademarks and all revenues generated therefrom;

      (c)     directing the U.S. Patent and Trademark Office to mark its records accordingly so as to cancel the trademark transfers described herein as a matter of record; or

9

  (d)  in the alternative, in an amount of damages to be determined at trial.

On its Second Claim for Relief:

  (a)  declaring each of the trademark transfers to be fraudulent pursuant to Section 274 of the New York Debtor and Creditor Law;

  (b)  setting each trademark transfer aside as null and void and permitting Wing Hon to satisfy its judgment through JCWI's interest in the transferred trademarks and all revenues generated therefrom;

  (c)  directing the U.S. Patent and Trademark Office to mark its records accordingly so as to cancel the trademark transfers described herein as a matter of record; or

  (d)  in the alternative, in an amount of damages to be determined at trial.

On its Third Claim for Relief:

  (a)  declaring each of the trademark transfers to be fraudulent pursuant to Section 275 of the New York Debtor and Creditor Law;

  (b)  setting each trademark transfer aside as null and void and permitting Wing Hon to satisfy its judgment through JCWI's interest in the transferred trademarks and all revenues generated therefrom;

  (c)  directing the U.S. Patent and Trademark Office to mark its records accordingly so as to cancel the trademark transfers described herein as a matter of record; or

  (d)  in the alternative, in an amount of damages to be determined at trial.

On its Fourth Claim for Relief:

    (a)    declaring each of the trademark transfers to be fraudulent pursuant to Section 276 of the New York Debtor and Creditor Law;

    (b)    setting each trademark transfer aside as null and void and permitting Wing Hon to satisfy its judgment through JCWI's interest in the transferred trademarks and all revenues generated therefrom;

    (c)    directing the U.S. Patent and Trademark Office to mark its records accordingly so as to cancel the trademark transfers described herein as a matter of record; or

    (d)    in the alternative, in an amount of damages to be determined at trial;

And also awarding it its costs of this action, including its reasonable attorneys' fees, together with such other, further or different relief as to the Court may seem just and proper..

Dated: New York, New York
       July 3, 2018

*John C. Cancin 7/3/18 Pursuant to Authorization*

MURPHY & JAMES, LLC

By: *Patricia A. Murphy*
Patricia A. Murphy (PM-5146)

*Attorneys for Wing Hon Precision Industry LTD*
275 North Middletown Road, Suite 2C
Pearl River, New York 10965
Telephone: (212) 863-9607
Facsimile: (212) 208-4423
pmurphy@murphyandjames.com

and

11

**BARCLAY DAMON LLP**

J. Joseph Bainton (JB-5934)

William M. Lemon
*Attorneys for Wing Hon Precision Industry LTD*
1270 Avenue of the Americas, Suite 600
New York, NY 10020
Telephone: (212) 784-5811

EXHIBIT A

**FILED: NEW YORK COUNTY CLERK 03/01/2018 01:43 PM**

NYSCEF DOC. NO. 128                                    RECEIVED NYSCEF: 03/01/2018

## SUPREME COURT OF THE STATE OF NEW YORK
### NEW YORK COUNTY

PRESENT:   **DEBRA A. JAMES**                          PART 59
_____
*Justice*

| Index Number : 652952/2013 | |
| WING HON PRECISION INDUSTRY | INDEX NO. _____ |
| vs. | MOTION DATE _____ |
| DIAMOND QUASAR JEWELRY, INC. | MOTION SEQ. NO. _____ |
| SEQUENCE NUMBER : 003 | |
| SEVER ACTION | |

The following papers, numbered 1 to _____ , were read on this motion to/for _____

| Notice of Motion/Order to Show Cause — Affidavits — Exhibits | _____ | No(s). _____ |
| Answering Affidavits — Exhibits _____ | | No(s). _____ |
| Replying Affidavits _____ | | No(s). _____ |

Upon the foregoing papers, it is ordered that this motion is granted in accordance with

the attached Order and Judgment

**FILED**

MAR - 1 2018

COUNTY CLERK'S OFFICE
NEW YORK

Dated: FEB 0 6 2018 _____            _____, J.S.C.
                                                **DEBRA A. JAMES**

1. CHECK ONE: ............................................... ☐ CASE DISPOSED        ☒ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: ...........................MOTION IS: ☒ GRANTED   ☐ DENIED   ☐ GRANTED IN PART   ☐ OTHER
3. CHECK IF APPROPRIATE: ................................................ ☐ SETTLE ORDER        ☐ SUBMIT ORDER
                                                       ☐ DO NOT POST   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

*MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE*
*FOR THE FOLLOWING REASON(S):*

**FILED: NEW YORK COUNTY CLERK 03/01/2018 01:43 PM**

NYSCEF DOC. NO. 128

RECEIVED NYSCEF: 03/01/2018

## SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK

WING HON PRECISION
INDUSTRY LTD
_Plaintiff(s)_

- against -

DIAMOND QUASAR JEWELRY, INC
ET. A.L
_Defendant(s)._

INDEX NO. 652952/2013

IAS PART 59

ORDER
~~STIPULATION~~

ORDERED AS FOLLOWS:
IT IS HEREBY ~~STIPULATED AND AGREED by and between or among the attorneys named below as follows:~~

PLAINTIFF'S MOTION TO SEVER THE FOURTH CAUSE OF ACTION, SET INTEREST + ENTER JUDGMENT THEREON IS GRANTED IN ITS ENTIRETY.

(1) THE FOURTH CAUSE OF ACTION FOR ACCOUNT STATED AGAINST DEFENDANT JACOB + COMPANY WATCHES, INC. (WITH THE EXCEPTION OF THE CLAIMS PERTAINING TO INVOICES D11077, D10199 + D10247 FOR CUFFLINKS) IS SEVERED FROM THE REMAINING CAUSES OF ACTION, WHICH REMAINING CAUSES SHALL CONTINUE. DA BSC

(2) PLAINTIFF IS AWARDED PREJUDGMENT INTEREST IN ACCORDANCE WITH THE ATTACHED SCHEDULE + CONTINUING PURSUANT TO CPLR 5001 ET. SEQ.

(3) PLAINTIFF MAY TO ENTER JUDGMENT ON THE SEVERED FOURTH CAUSE OF ACTION FOR ACCOUNT STATED IN FAVOR OF PLAINTIFF + AGAINST JACOB AND COMPANY WATCHES, INC.

(4) THE NOTE OF ISSUE IS EXTENDED TO OCTOBER 22, 2018.

PATRICIA A MURPHY
MURPHY + JAMES, LLS
_Attorney for Plaintiff(s)_

SC:
2/17/18,
2:30 PM

THOMAS GARDNER
MORRISON COHEN
_Attorney for Defendant S_

_Attorney for Defendant_

_Attorney for Defendant_

Dated: 2/6/2018

DATES SET FORTH HEREIN MAY NOT BE ADJOURNED EXCEPT WITH ADVANCE APPROVAL OF THE COURT.

SO ORDERED:

ENTER: _____ J.S.C.
**DEBRA A. JAMES**

2/14/17

**Schedule "A"**
Itemization of contracts, invoices, shipment dates,
outstanding invoice amounts and interest calculation

**First shipment group, December 2011:** December 5 and 13, 2011 shipments

| Contract | Invoice | Shipped | Items shipped | Amount |
|---|---|---|---|---|
| None | D110152 | 12/5/11 | Parts (shipped December 2011) | $738.30 |
| J7511 | D110155 | 12/13/11 | 15pcs Global 1 watch C1177#15 | $12,048.00 |
| J7516 | D110156 | 12/13/11 | 10pcs Global watch C1177#21 | $23,862.80 |
| J7517 | D110157 | 12/13/11 | 10pcs Global watch C1177#22 | $23,762.80 |
| J7518 | D110158 | 12/13/11 | 10pcs Global watch C1177#23 | $23,862.80 |
| J7519 | D110159 | 12/13/11 | 10pcs Global watch C1177#24 | $47,027.60 |
| J7523 | D110160 | 12/13/11 | 3pcs Global watch C1191#3 | $14,216.18 |
| J7486 | D110161 | 12/13/11 | 10pcs Grand watch C1184#12 | $22,266.40 |
| J7498 | D110162 | 12/13/11 | 10pcs Grand watch C1184#24 | $22,266.40 |
| J7499 | D110163 | 12/13/11 | 10pcs Grand watch C1184#25 | $22,266.40 |
| J7488 | D110164 | 12/13/11 | 10pcs Grand watch C1184#14 | $17,776.40 |
| J7489 | D110165 | 12/13/11 | 10pcs Grand watch C1184 | $17,776.40 |
| J7490 | D110166 | 12/13/11 | 25pcs Grand watch C1184#16 | $22,717.50 |
| J7501 | D110167 | 12/13/11 | 5pcs Grand watch C1184#27 | $4,543.50 |
| J7491 | D110168 | 12/13/11 | 10pcs Grand watch C1184#17 | $9,087.00 |
| J7502 | D110169 | 12/13/11 | 10pcs Grand watch C1184#28 | $9,087.00 |
| J7494 | D110170 | 12/13/11 | 9pcs Grand watch C1184#20 | $20,227.50 |
| J7508 | D110171 | 12/13/11 | 19pcs Grand watch C1184#35 | $48,014.52 |
| J7496 | D110172 | 12/13/11 | 5pcs Grand watch C1184#22 | $8,095.15 |
| J7497 | D110173 | 12/13/11 | 5pcs Grand watch C1184#23 | $8,095.15 |
| | | | Total for December 2011 shipments: | $377,737.80 |
| | | | Less deposit: | (300,000.00) |
| | | | Total outstanding payment: | $77,737.80 |

**Interest calculation- first shipment group, December 2011:** Full payment of $77,737.80 due
March 13, 2012 (90 days after shipment).

| | |
|---|---|
| Interest from March 13, 2012-March 12, 2013 ($77,737.80 @ 9% per annum) | $6,996.40 |
| Interest from March 13, 2013-March 12, 2014 ($77,737.80 @ 9% per annum) | $6,996.40 |
| Interest from March 13, 2014-March 12, 2015 ($77,737.80 @ 9% per annum) | $6,996.40 |
| Interest from March 13, 2015-March 12, 2016 ($77,737.80 @ 9% per annum) | $6,996.40 |
| Interest from March 13, 2016-March 12, 2017 ($77,737.80 @ 9% per annum) | $6,996.40 |
| Interest from March 13, 2017 to May 16, 2017 (As per court order, interest stayed during appeal from May 16, 2017 to Oct.19, 2017) 64 days @ $19.17 per day.[4] | $1,226.88 |
| Total prejudgment interest to October 19, 2017 for December shipments: | $36,208.88 |
| Plus continuing interest | |

---

[4] $6,996.40 /365 days= $19.17 per day.

9

**Summary for first shipment group:**

| | |
|---|---|
| Total outstanding for December 2011 shipment invoices: | 77,737.80 |
| Total prejudgment interest to October 19, 2017 for December shipments: | $36,208.88 |
| Subtotal: (before adding continuing interest) | $113,946.68 |

**Second shipment group, January 2012:** January 3-18, 2012 shipments

| Contract | Invoice | Shipped | Item | Amount |
|---|---|---|---|---|
| None | D110178 | 1/3/12 | parts: rubber band, hands | $300.00 |
| None | D110179 | 1/4/12 | 11pcs crowns | $33.00 |
| J7552 | D110180 | 1/17/12 | 10pcs black 5 time zone big watch JC2BCDA | $7,616.10 |
| J7521 | D110181 | 1/17/12 | 7pcs Global watch C1177#26 | $5,692.40 |
| J7512 | D110182 | 1/17/12 | 7pcs Global watch C1177#17 | $6,143.90 |
| J7519 | D110183 | 1/17/12 | 10pcs Global watch C1177#24 | $47,027.60 |
| J7487 | D110184 | 1/17/12 | 9pcs Grand watch C1184#13 | $23,191.65 |
| J7488 | D110185 | 1/17/12 | 10pcs Grand watch C1184#14 | $17,776.40 |
| J7489 | D110186 | 1/17/12 | 10pcs Grand watch C1184#15 | $17,776.40 |
| J7496 | D110187 | 1/17/12 | 5pcs Grand watch C1184#22 | $8,095.15 |
| J7497 | D110188 | 1/17/12 | 5pcs Grand watch C1184#23 | $8,095.15 |
| J7493 | D110189 | 1/17/12 | 50pcs Grand watch C1184#19 | $45,435.00 |
| J7494 | D110190 | 1/17/12 | 15pcs Grand watch  C1184#20 | $33,712.50 |
| J7508 | D110191 | 1/17/12 | 6pcs Grand watch C1184#35 | $15,162.48 |
| J7498 | D110192 | 1/17/12 | 14pcs Grand watch C1184#24 | $31,172.96 |
| J7503 | D110193 | 1/17/12 | 10pcs Grand watch C1184#29 | $9,287.00 |
| J7505 | D110194 | 1/17/12 | 5pcs Grand watch C1184#31 | $8,045.15 |
| J7499 | D110195 | 1/17/12 | 15pcs Grand watch C1184#25 | $33,399.60 |
| J7506 | D110196 | 1/17/12 | 10pcs Grand watch C1184#32 | $15,990.30 |
| J7507 | D110197 | 1/17/12 | 10pcs Grand watch C1184#33 | $23,038.05 |
| J7509 | D110198 | 1/17/12 | 1pc Grand watch C1184#36 | $4,572.73 |
| J7551 | D110202 | 1/16/12 | 5pcs Pocket watch | $32,585.50 |
| None | D110203 | 1/18/12 | parts: clasps, crowns | $667.00 |
| | | | Total outstanding for Jan. 2012 shipment invoices: | $394,816.02 |

**Interest calculation- second shipment group, January 2012** Full payment due April 18, 2012 (90 days after shipment). Total amount due second shipment, January 2012:   $394,816.02

| | |
|---|---|
| Interest from April 18, 2012- April 17, 2013 ($394,816.02 @9% per annum) | $35,533.44 |
| Interest from April 18, 2013-April 17, 2014 ($394,816.02 @9% per annum) | $35,533.44 |
| Interest from April 18, 2014- April 17, 2015  ($394,816.02 @9% per annum) | $35,533.44 |
| Interest from April 18, 2015- April 17, 2016 ($394,816.02 @9% per annum) | $35,533.44 |
| Interest from April 18, 2017 – April 17, 2017 ($394,816.02 @9% per annum) | $35,533.44 |
| Interest from April 17, 2018 –May 16, 2017 (interest stayed during appeal) 29 days @ $97.35/day.[5] | $2,823.20 |

---

[5] $35,533.44 /365 days = $97.35 per day.

10

| | |
|---|---|
| Total prejudgment interest to October 19, 2017 for second shipment group: | $180,490.40 |
| Plus continuing interest | |

**Summary for second shipment group: (January 2012)**

| | |
|---|---|
| Total outstanding for January shipment invoices: | 394,816.02 |
| Total prejudgment interest to October 19, 2017 for January 2012 shipments: | 180,490.40 |
| Subtotal (before adding continuing interest): | 575,306.42 |

**Third shipment group, February 2012:** February 24, 2012 shipment

| Contract | Invoice | Shipped | Item | Amount |
|---|---|---|---|---|
| J7521 | D110206 | 2/24/12 | 3pcs Global watch C1177#26 | $2,439.60 |
| J7512 | D110207 | 2/24/12 | 3pcs Global watch C1177#17 | $2,633.10 |
| J7491 | D110208 | 2/24/12 | 10pcs Grand watch C1184#17 | $9,087.00 |
| J7501 | D110209 | 2/24/12 | 20pcs Grand watch C1184#27 | $18,174.00 |
| J7492 | D110210 | 2/24/12 | 50pcs Grand watch C1184#18 | $45,435.00 |
| J7504 | D110211 | 2/24/12 | 10pcs Grand watch C1184#30 | $9,287.00 |
| J7524 | D110212 | 2/24/12 | 10pcs Jumbo Global watch C1188#1 | $9,137.00 |
| J7540 | D110213 | 2/24/12 | 5pcs Jumbo Grand watch C1190#15 | $5,198.50 |
| J7542 | D110214 | 2/24/12 | 5pcs Jumbo Grand watch C1190#19 | $5,323.50 |
| J7529 | D110215 | 2/24/12 | 5pcs Jumbo Grand watch C1190#14 | $5,198.50 |
| j7530 | D110216 | 2/24/12 | 5pcs Jumbo Grand watch C1190#16 | $5,198.50 |
| J7541 | D110217 | 2/24/12 | 5pcs Jumbo Grand watch C1190#17 | $5,198.50 |
| J7531 | D110218 | 2/24/12 | 5pcs Jumbo Grand watch C1190#18 | $5,198.50 |
| J7532 | D110219 | 2/24/12 | 5pcs Jumbo Grand watch C1190#20 | $5,198.50 |
| J7543 | D110220 | 2/24/12 | 5pcs Jumbo Grand watch C1190#21 | $5,323.50 |
| J7533 | D110221 | 2/24/12 | 5pcs Jumbo Grand watch C1190#22 | $13,856.20 |
| J7547 | D110222 | 2/24/12 | 5pcs Jumbo Grand watch C1190#23 | $16,011.30 |
| J7548 | D110223 | 2/24/12 | 5pcs Jumbo Grand watch C1190#24 | $28,259.05 |
| J7535 | D110224 | 2/24/12 | 5pcs Jumbo Grand watch C1190#26 | $9,659.30 |
| J7544 | D110225 | 2/24/12 | 5pcs Jumbo Grand watch C1190#27 | $9,609.30 |
| J7536 | D110226 | 2/24/12 | 5pcs Jumbo Grand watch C1190#28 | $9,659.30 |
| J7545 | D110227 | 2/24/12 | 5pcs Jumbo Grand watch C1190#29 | $9,534.30 |
| J7546 | D110228 | 2/24/12 | 5pcs Jumbo Grand watch C1190#30 | $14,186.43 |
| J7555 | D110231 | 2/24/12 | 10pcs JC logo bracelet, 5pcs diamond bckls | $4,062.10 |
| | | | Total outstanding for February 2012 invoices: | $252,867.98 |

**Interest calculation- third shipment group, February 2012-** Full payment due May 24, 2012 (90 days after shipment) Total amount due third shipment, February 2012: $252,867.98

| | |
|---|---|
| Interest from May 24, 2012- May 23, 2013 ($252,867.98 @ 9% per annum) | $22,758.12 |
| Interest from May 24, 2013- May 23, 2014 ($252,867.98 @ 9% per annum) | $22,758.12 |
| Interest from May 24, 2014 - May 23, 2015 ($252,867.98 @ 9% per annum) | $22,758.12 |
| Interest from May 24, 2015- May 23, 2016 ($252,867.98 @ 9% per annum) | $22,758.12 |

11

FILED: NEW YORK COUNTY CLERK 03/01/2018 01:43 PM

NYSCEF DOC. NO. 128

RECEIVED NYSCEF: 03/01/2018

| Interest from May 24, 2016 – May 16, 2017 (interest stayed during appeal)  357 days @ 62.35 per day. [6] | $22,259.31 |
| Total prejudgment interest to October 19, 2017 for February 2012 invoices: | $113,291.79 |

**Third shipment summary:**

| | |
|---|---|
| Total outstanding for February 2012 shipment invoices: | **252,867.98** |
| Total prejudgment interest to October 19, 2017 for February 2012 shipments: | **113,291.79** |
| Subtotal (before adding continuing interest): | **366,159.77** |

**Fourth Shipment Group, March 2012:** March 5, 31, 2012 shipments

| Contract | Invoice | Shipped | Item | Amount |
|---|---|---|---|---|
| J7456 | D110233 | 3/5/12 | 1pc Grand watch (Sample) | $4,156.86 |
| None | D110234 | 3/5/12 | 1pc Jumbo Grand watch (Sample) | $4,834.48 |
| None | D110235 | 3/5/12 | 6pcs dial samples for 5TZ big watch | $264.00 |
| None | D110236 | 3/31/12 | 5pcs Pocket watch | $7,842.70 |
| J7514 | D110240 | 3/31/12 | 8pcs Global watch C1177#19 | $17,594.72 |
| J7512 | D110241 | 3/31/12 | 15pcs Global watch C1177#17 | $13,165.50 |
| J7486 | D110242 | 3/31/12 | 32pcs Grand watch C1184#12 | $71,224.32 |
| J7495 | D110243 | 3/31/12 | 10pcs Grand watch C1184#21 | $38,491.40 |
| J7498 | D110244 | 3/31/12 | 1pc Grand watch C1184#24 | $2,225.76 |
| J7556 | D110245 | 3/31/12 | 3pcs Grand watch C1193#1 | $12,470.58 |
| J7553 | D110246 | 3/31/12 | 3pcs black 5TZ big watch | $15,512.87 |
| None | D110248 | 3/31/12 | 50pcs rubber band for Grand & Global watch | $969.00 |
| J7554 | D110249 | 3/31/12 | 5pcs diamond bezel for pocket watch | $15,865.55 |
| | | | Subtotal: | $204,617.74 |

**Interest calculation- fourth shipment group, March 5 and 31, 2012-** Full payment due June 29, 2012 (90 days after shipment) Total amount due fourth shipment:    $204,617.74

| | |
|---|---|
| Interest from June 29, 2012- June 28, 2013 ($204,617.74 @ 9% per annum) | $18,415.60 |
| Interest from June 29, 2013- June 28, 2014 ($204,617.74 @ 9% per annum) | $18,415.60 |
| Interest from June 29, 2014 - June 28, 2015 ($204,617.74 @ 9% per annum) | $18,415.60 |
| Interest from June 29, 2015- June 28, 2016 ($204,617.74 @ 9% per annum) | $18,415.60 |
| Interest from June 29, 2016 – May 16, 2017 (($204,617.74 @ 9% per annum, (interest stayed during appeal)  321 days x 50.45 per day. [7] | $16,194.45 |
| Total prejudgment interest to October 19, 2017 for March 2012 invoices: | $89,856.85 |
| Plus continuing interest: | |

**Fourth Shipment summary:**

| | |
|---|---|
| Total outstanding for March 2012 shipment invoices: | $204,617.74 |
| Total prejudgment interest to October 19, 2017 for March 2012 shipments: | $89,856.85 |
| Subtotal: (before adding continuing interest) | $294,474.59 |

---

[6] $22,758.12/365 days = $62.35 per day.
[7] $18,415.60 /365 days = $50.45 per day.

12

**Fifth shipment group, April 2012:** April 3, 26 and 27, 2012 shipments

| Contract | Invoice | Shipped | Item | Amount |
|----------|---------|---------|------|--------|
| None | D120003 | 4/3/12 | black case back for Grand watch | $25.00 |
| J7557 | D120004 | 4/26/12 | 2pcs black dial;2pcs black band for 5TZ big | $12,326.19 |
| None | D120005 | 4/26/12 | 6 pcs 5TZ medium dial | $264.00 |
| J7514 | D120006 | 4/27/12 | 2pcs Global watch C1177#19 | $ 4,394.38 |
| J7513 | D120007 | 4/27/12 | 5pcs Global watch C1177#18 | $10,985.95 |
| J7515 | D120008 | 4/27/12 | 5pcs Global watch  C1177#20 | $11,075.95 |
| J7522 | D120009 | 4/27/12 | 5pcs Global watch C1177#27 | $22,912.70 |
| J7486 | D120010 | 4/27/12 | 8pcs Grand watch C1184#12 | $17,799.92 |
| J7556 | D120011 | 4/27/12 | 7pcs Grand watch C1193#1 | $9,098.02 |
| J7525 | D120012 | 4/27/12 | 1pc Jumbo Grand watch C1190#7 | $2,560.58 |
| J7537 | D120013 | 4/27/12 | 1pc Jumbo Grand watch C1190#8 | $2,560.58 |
| J7538 | D120014 | 4/27/12 | 1pc Jumbo Grand watch C1190#9 | $2,560.58 |
| J7527 | D120015 | 4/27/12 | 1pc Jumbo Grand watch C1190#12 | $2,082.18 |
| J7534 | D120016 | 4/27/12 | 5pcs Jumbo Grand watch C1190#25 | $23,349.17 |
| None | D120017 | 4/27/12 | 1 Jumbo Grand watch C1190#33-Sample | $ 1,039.70 |
| J7533 | D120018 | 4/27/12 | 2pcs Black 5TZ big watch JC130DC | $10,341.91 |
| | | | Subtotal: | $153,376.81 |

**Interest calculation- fifth shipment group, April 3, 26, 27, 2012-** Full payment due July 27, 2012 (90 days after shipment) Total amount due fourth shipment:   $153,376.81

| | |
|---|---|
| Interest from July 27, 2012- July 26, 2013 ($153,376.81 @9% per annum) | $13,803.91 |
| Interest from July 27, 2013- July 26, 2014 ($153,376.81 @9% per annum) | $13,803.91 |
| Interest from July 27, 2014 -  July 26, 2015 ($153,376.81 @9% per annum) | $13,803.91 |
| Interest from July 27, 2015-  July 26, 2016 ($153,376.81 @9% per annum) | $13,803.91 |
| Interest from July 27, 2016 – May 16, 2017 (interest stayed pending appeal) 294 days x  $37.82 per day.[8] | $11,119.08 |
| Total prejudgment interest to October 19, 2017 for April 2012 invoices: | $66,334.72 |
| Plus continuing interest | |

**Summary for fifth shipment group:**

| | |
|---|---|
| Total outstanding for April 2012 shipment invoices: | $153,376.81 |
| Total prejudgment interest to October 19, 2017 for April 2012 invoices: | $66,334.72 |
| Subtotal: (before adding continuing interest) | $219,711.53 |

---

[8] $13,803.91/365 days= $37.82 per day.

13

Case 1:18-cv-06036-AJN Document 1 Filed 07/03/18 Page 21 of 33

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X

WING HON PRECISION INDUSTRY LTD.

                             Plaintiff,

    -against-

DIAMOND QUASAR JEWELRY, INC. d/b/a JACCB
& CO., JACOB & COMPANY WATCHES, INC. a/k/a
JACOB AND CO. WATCHES, INC.

                             Defendants.

-----------------------------------------------------------X

Index No. 652952/2013

~~PROPOSED~~
**JUDGMENT**

Hon. Debra A. James

WHEREAS, the Plaintiff, WING HON PRECISION INDUSTRY LTD

(hereinafter "WING HON"), commenced an action on or about August 21, 2013 by

service of a Summons and Complaint against the Defendants, DIAMOND QUASAR

JEWELRY, INC. d/b/a JACOB & CO., and JACOB & COMPANY WATCHES, INC.

a/k/a JACOB AND CO. WATCHES, INC. (hereinafter "JCWI"); and

WHEREAS, Defendants having duly appeared in the action by counsel, Morrison,

Cohen LLP; and

WHEREAS, Plaintiff, WING HON moved for Summary Judgment on the causes

of action in the complaint against Defendant, JCWI, and for dismissal of all affirmative

defenses/counterclaims resulting in a Decision and Order of the Hon. Debra A. James,

(entered April 5, 2017), which Decision and Order were appealed by Plaintiff, WING

HON; and

WHEREAS, the Appellate Division, First Department, issued a Decision and

Order dated October 19, 2017, unanimously modifying the Supreme Court Order and

granting plaintiff summary judgment on the fourth cause of action for an account stated,

(except with respect to the three invoices seeking payment for cufflinks) and dismissing

all affirmative defenses and counterclaims (Decision and Order entered on October 24,

2017 in the office of the Clerk of the Supreme Court, New York County);

NOW upon the Motion by Murphy & James, LLC, counsel for Plaintiff, WING

HON, dated November 20, 2017 and accompanying affirmation and exhibits, it is hereby *in accordance with the attached order* NAB BSC

ADJUDGED, that Plaintiff, WING HON PRECISION INDUSTRY LTD, with a

place of business at Unit A & B, 10/F, BLOCK 1, Wah Fung Industry Centre, 33-39

Kwai Fung Crescent, Kwai Chung, N. T. Hong Kong, shall have judgment and recover

against Defendant, JACOB and COMPANY WATCHES, INC., with a place of business

at 48 East 57th, New York, New York, the sum of $1,083,416.35 on the Fourth cause of

action plus interest thereon as follows:

- Interest of $36,208.88 (representing interest at the rate of 9% per annum from March 13, 2012 to October 19, 2017)[1] on the outstanding principal amount of $77,737.80 for the December 2011 shipment invoices; plus

- Interest of $180,490.40 (representing interest at the rate of 9% per annum from April 18, 2012 to October 19, 2017) on the outstanding principal amount of $394,816.02 for the January 2012 shipment invoices ; plus

- Interest of $113,291.79 (representing interest at the rate of 9% per annum from May 24, 2012 to October 19, 2017) on the outstanding principal amount of $252,867.98 for the February 2012 shipment invoices; plus

- Interest of $89,856.85 (representing interest at the rate of 9% per annum from June 29, 2012 2012 to October 19, 2017) on the outstanding principal amount of $204,617.74 for the March 2012 shipment invoices; plus

- Interest of $66,334.72 (representing interest at the rate of 9% per annum from July 27, 2012 to October 19, 2017) on the outstanding principal amount of $153,376.81 for the April 2012 shipment invoices;

---

[1] Interest stayed from May 17, 2017 to October 19, 2017 as per the order of the Hon. Debra A. James, dated May 16, 2017.

For a total of $486,182.64 in prejudgment interest to October 19, 2017 (and continuing),

and continuing to the entry of judgment in the amount of $35,530.12, as calculated by the clerk *

plus outstanding principal amount of $1,083,416.35 together with costs and

disbursements of this action as taxed by the clerk in the sum of

$ 540.00 _____, for a total judgment in the amount of

$ 1,605,669.11 _____, and that Plaintiff shall have execution thereon.

Judgment signed this _____ day of FEB 0 6 2018 , 20___.

_____

**DEBRA A. JAMES** S.C.

_____
CLERK

FILED

MAR - 1 2018

COUNTY CLERK'S OFFICE
NEW YORK

* Judgment amended by the Stipulation,
"SO ORDERED" by J. Debra A. James on 2/23/18
and filed on 2/27/18 (Doc. #127)
MAT/KS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X

WING HON PRECISION INDUSTRY LTD.                 Index No. 652952/2013

                                    Plaintiff,    BILL OF COSTS

                                                  Hon. Debra James

        -against-

                                                  I HEREBY CERTIFY THAT I HAVE
                                                  ADJUSTED THIS BILL OF COSTS AT
                                                  $ 540.00

DIAMOND QUASAR JEWELRY, INC. d/b/a
JACOB & CO., JACOB & COMPANY WATCHES,             MAR – 1 2018
INC. a/k/a JACOB AND CO. WATCHES, INC.

                                    Defendants.
-----------------------------------------------------------X                   CLERK

| Costs | Amount |
|---|---|
| Appeal to App. Div. or App. Term before argument CPLR 8203 | |
| Appeal to App. Div. or App. Term for argument CPLR 8203 | ~~$250.00~~ |
| Appeal to Court of Appeals before argument CPLR 8204 | |
| Appeal to Court of Appeals for argument CPLR 8204 | |
| Costs before note of issue CPLR 8201 | $200.00 |
| Costs after note of issue CPLR 8201 | |
| Motion costs CPLR 8202 (Motion for Partial Summary Judgment; Motion to Sever, set interest and enter judgment) 2x $45.00 | ~~$90.00~~ |
| Trial of issue CPLR 8201 | |
| Subtotal: | $200 ~~$540.00~~ |
| | |
| **Disbursements** | |
| Additional allowance CPLR 8303 | |
| Allowance by statute CPLR 8302(a), (b) | |
| Affidavits & acknowledgments CPLR 8009 | |
| Attendance of witnesses CPLR 8001(a) to (c); 8301(a)(1) | |
| Certified copies of papers CPLR 8301(a)(4) | |
| Certified copy of judgment CPLR 8021 | |
| Clerk's fee, filing notice of pend. or attach. CPLR 8021(a)(10) | |
| Clerk's fee cancel. notice of attach. or pend. CPLR 8021(a)(10) | |
| Clerk's fees Appellate Division or Court of Appeals CPLR 8022(b) | ~~$315.00~~ |
| Clerk's fees –filing of Notice of Appeal CPLE 8301(a) | ~~$65.00~~ |
| Commissioner's compensation CPLR 8018(a) | |
| Entering and docketing judgment CPLR 8301(a)(7); 8016(a)(2) | |
| Fee for index number CPLR 8018(a) | $210.00 |

Case 1:18-cv-06036-AJN   Document 1   Filed 07/03/18   Page 25 of 33

| | |
|---|---|
| Fees for publication CPLR 8301(a)(3) | |
| Jury fee CPLR 8020(c) | |
| Motion expenses CPLR 8301(b) (2) | 90.00 |
| Note of issue CPLR 8020(a) | |
| Paid copies of papers CPLR 8016(a)(4) | |
| Paid for County Clerk's search | |
| Paid for Loan Commissioner's search | |
| Paid printing cases CPLR 8301(a)(6) | ~~$12,736.23~~ |
| (Counsel Press: $12,068.64) | |
| (Counsel Press: $667.59) | |
| Paid referee's report CPLR 8301(a)(1) | |
| Paid for searches CPLR 8301(a)(10) | ~~$80.00~~ |
| (New York County Clerk $80.00) | |
| Paid for register's search CPLR 8301(a)(10) | |
| Paid for U.S. District Court search | |
| Paid for U.S. Circuit Court search | |
| Paid for tax search | |
| Paid for referee's report | |
| Postage CPLR 8301(a)(4) | |
| Referee's fees CPLR 8301(a)(1) | |
| Satisfaction piece CPLR 5020(a); 8021 | |
| Serving copy summons & complaint CPLR 8011(c)(1); 8301(d) | $40 ~~251.60~~ |
| (All American Investigators $251.60) | |
| Serving subpoena CPLR 8011(c)(1); 8301(d) | |
| Sheriff's fees on execution CPLR 8011(b); 8012; 8301(a)(8) | |
| Sheriff's fees, arrest, attachment, etc. CPLR 8011(a), (c)(2) to (3), (g) | |
| Stenographers' fees CPLR 8002; 8301 | |
| Transcripts and filing CPLR 8021 | |
| Subtotal: | 340 ~~$13,657.83~~ |
| **Totals:** | |
| Aggregate Costs | 200 ~~$540.00~~ |
| Aggregate Disbursements | 340 ~~$13,657.83~~ |
| Total Bill of Costs: | 540 ~~$14,197.83~~ |

Dated: February   , 2018

By: *Patricia W Murphy*
Patricia A. Murphy
Murphy & James, LLC
275 N. Middletown Road, Suite 2C
Pearl River, New York 10965
Telephone: 212.863.9607
Facsimile: 212.208.4423
Email: pmurphy@murphyandjames.com

FILED

MAR - 1 2018

COUNTY CLERK'S OFFICE
NEW YORK

Case 1:18-cv-06036-AJN   Document 1   Filed 07/03/18   Page 26 of 33

To:
MORRISON COHEN LLP
Thomas B. Gardner, Esq.
Y. David Scharf, Esq.
Attorneys for Defendants-Respondents,
Diamond Quasar Jewelry, et. al.
909 Third Avenue
New York, New York 10022
Telephone: 212.735.8600
dscharf@morrisoncohen.com
tgardner@morrisoncohen.com

Case 1:18-cv-06036-AJN  Document 1  Filed 07/03/18  Page 27 of 33

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
WING HON PRECISION INDUSTRY LTD.                    Index No. 652952/2013

                                   Plaintiff,          Attorney Affirmation

                                                       Hon. Debra James

        -against-


DIAMOND QUASAR JEWELRY, INC. d/b/a
JACOB & CO., JACOB & COMPANY WATCHES,
INC. a/k/a JACOB AND CO. WATCHES, INC.

                                   Defendants.
------------------------------------------------------------X

STATE OF NEW YORK )          ss.:
COUNTY OF NEW YORK )

        Patricia A. Murphy, an attorney duly admitted to practice law in the Courts of the State of
New York, hereby affirms the following under penalty of perjury:

        1.      I am a member of the law firm of Murphy & James, LLC. I represent the Plaintiff,
Wing Hon Precision Industry LTD, in the above-entitled action and I am familiar with the facts
and circumstances of the above captioned action.

        2.      The foregoing costs and disbursements incurred in this action as set forth in the
Bill of Costs are reasonable in amount. Services, for which fees have been charged, were actually
and necessarily performed and are reasonable in amount.

Dated: Pearl River, New York
February  , 2018

                                        By: _Patricia A Murphy_
                                        Patricia A. Murphy
                                        Murphy & James, LLC
                                        275 N. Middletown Road, Suite 2C
                                        Pearl River, New York 10965
                                        Telephone: 212.863.9607
                                        Facsimile: 212.208.4423
                                        Email: pmurphy@murphyandjames.com

FILED

MAR - 1 2018

COUNTY CLERK'S OFFICE
NEW YORK

Case 1:18-cv-06036-AJN   Document 1   Filed 07/03/18   Page 28 of 33

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

WING HON PRECISION INDUSTRY LTD.

                              Plaintiff,              Index No. 652952/2013

        -against-
                                                      Hon. Debra James

DIAMOND QUASAR JEWELRY, INC. d/b/a JACOB &
CO., JACOB & COMPANY WATCHES, INC. a/k/a
JACOB AND CO. WATCHES, INC.

                              Defendants.
-----------------------------------------------------------------X


# JUDGMENT


Patricia A. Murphy
Murphy & James, LLC
275 N. Middletown Road, Suite 2C
Pearl River, New York 10965
Telephone: 212.863.9607
Facsimile: 212.208.4423
pmurphy@murphyandjames.com

I-I
FILED AND
DOCKETED
MAR - 1 2018
1:42 PM
N.Y., CO. CLK'S OFFICE

# EXHIBIT B

900414438   07/24/2017

## TRADEMARK ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

ETAS ID: TM436226

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT OF THE ENTIRE INTEREST AND THE GOODWILL |

### CONVEYING PARTY DATA

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| Jacob & Company Watches, Inc. | | 07/18/2017 | Corporation: NEW YORK |

### RECEIVING PARTY DATA

| | |
|---|---|
| Name: | Diamond Quasar Jewelry, Inc. |
| Street Address: | 48 East 57th Street |
| City: | New York |
| State/Country: | NEW YORK |
| Postal Code: | 10022 |
| Entity Type: | Corporation: NEW YORK |

### PROPERTY NUMBERS Total: 1

| Property Type | Number | Word Mark |
|---|---|---|
| Registration Number: | 3270364 | J&CO |

### CORRESPONDENCE DATA

Fax Number:     6098961469

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| | |
|---|---|
| Phone: | (212) 878-1424 |
| Email: | IPDocket@foxrothschild.com |
| Correspondent Name: | Perla M. Kuhn c/o Fox Rothschild LLP |
| Address Line 1: | Princeton Pike Corporate Center |
| Address Line 2: | 997 Lenox Drive, Building 3 |
| Address Line 4: | Lawrenceville, NEW JERSEY 08648-2311 |

| NAME OF SUBMITTER: | Perla M. Kuhn |
|---|---|
| SIGNATURE: | /Perla M. Kuhn/ |
| DATE SIGNED: | 07/24/2017 |

Total Attachments: 1
source=Assignment – Jacob & Company against 1 registration#page1.tif

OP $40.00 3270364

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
### ASSIGNMENT

WHEREAS, Jacob & Company Watches, Inc., a New York corporation, having a place of business at 48 East 57th Street, New York, New York 10022 ("Assignor"), has adopted, used and is using the mark that is the subject of registration in the United States Patent and Trademark Office as follows (the "Mark"):

| REGISTRATION NO. | DATED | MARK |
|---|---|---|
| 3270364 | July 24, 2007 | |

AND, WHEREAS, Diamond Quasar Jewelry, Inc. a corporation organized and existing under the laws of New York, having a place of business at 48 East 57th Street, New York, New York 10022 ("Assignee"), is desirous of acquiring the entire right, title and interest in and to the Mark, application and registration and any renewal that may be granted thereon, together with the goodwill of the business symbolized by the Mark, and past common law causes of action;

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, said Assignor, hereby sells, assigns and transfers unto Assignee, its successors and assigns, the entire right, title and interest in and to the Mark, application and registration and any renewal that may be granted thereon, together with the goodwill of the business symbolized by the Mark and past common law causes of action.

JACOB & COMPANY WATCHES, INC.

By: _____

Name: Angela ABABOV

Title: **CHIEF EXECUTIVE OFFICER**

Dated: _____

**RECORDED: 07/24/2017**

**TRADEMARK
REEL: 006111 FRAME: 0878**

900414428  07/24/2017

# TRADEMARK ASSIGNMENT COVER SHEET

Electronic Version v1.1
Stylesheet Version v1.2

ETAS ID: TM436217

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT OF THE ENTIRE INTEREST AND THE GOODWILL |

## CONVEYING PARTY DATA

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| JACOB & COMPANY WATCHES, INC. | | 05/15/2017 | Corporation: NEW YORK |

## RECEIVING PARTY DATA

| | |
|---|---|
| Name: | DIAMOND QUASAR JEWELRY, INC. |
| Street Address: | 48 EAST 57TH STREET |
| City: | NEW YORK |
| State/Country: | NEW YORK |
| Postal Code: | 10022 |
| Entity Type: | Corporation: NEW YORK |

## PROPERTY NUMBERS Total: 2

| Property Type | Number | Word Mark |
|---|---|---|
| Registration Number: | 2701274 | JACOB & CO. |
| Registration Number: | 3443323 | J&CO JACOB & CO. |

## CORRESPONDENCE DATA

**Fax Number:**     6098961469

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| | |
|---|---|
| **Phone:** | (212) 878-1424 |
| **Email:** | IPDocket@foxrothschild.com |
| **Correspondent Name:** | Perla M. Kuhn c/o Fox Rothschild LLP |
| **Address Line 1:** | Princeton Pike Corporate Center |
| **Address Line 2:** | 997 Lenox Drive, Building 3 |
| **Address Line 4:** | Lawrenceville, NEW JERSEY 08648-2311 |

| NAME OF SUBMITTER: | Perla M. Kuhn |
|---|---|
| SIGNATURE: | /Perla M. Kuhn/ |
| DATE SIGNED: | 07/24/2017 |

**Total Attachments: 1**
source=Assignment - Jacob & Company two registrations#page1.tif

OP $65.00 2701274

O/Rel. 3200-M-0005-US-01
3200-M-0006-US-02                                            MM

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## ASSIGNMENT

WHEREAS, Jacob & Company Watches, Inc., a New York corporation, having a place of business at 48 East 57th Street, New York, New York 10022 ("Assignor"), has adopted, used and is using the marks that are the subject of registration in the United States Patent and Trademark Office as follows (the "Marks"):

| REGISTRATION NO. | DATED | MARK |
|---|---|---|
| 2701274 | March 25, 2003 | JACOB & CO. |
| 3443323 | June 10, 2008 | JACOB & Co. |

AND, WHEREAS, Diamond Quasar Jewelry, Inc. a corporation organized and existing under the laws of New York, having a place of business at 48 East 57th Street, New York, New York 10022 ("Assignee"), is desirous of acquiring the entire right, title and interest in and to the Marks, applications and registrations and any renewals that may be granted thereon, together with the goodwill of the business symbolized by the Marks, and past common law causes of action;

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, said Assignor, hereby sells, assigns and transfers unto Assignee, its successors and assigns, the entire right, title and interest in and to the Marks, applications and registrations and any renewals that may be granted thereon, together with the goodwill of the business symbolized by the Marks and past common law causes of action.

JACOB & COMPANY WATCHES, INC.

By: _____

Name: ANGELA ARABOV

Title: CHIEF EXECUTIVE OFFICER

Dated: May 15 2017

ACTIVE\43453463.v1-11/30/16